# EXHIBIT A

DECLARATION OF ATTORNEY DAVID M. PRUESSNER
FILED IN RESPONSE TO THE ORDER TO SHOW CAUSE

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the following statements are true and correct:**

My name is David M. Pruessner. I am the senior partner in the litigation representation of BB&T in this collection suit against William K. Wells. I have personal knowledge of these facts, and they are true and correct.

I just joined the firm of Higier Allen & Lautin in September 2012 and was made "partner" (shareholder) at the end of 2012. In approximately October, I learned that then partner Mark Cronenwett, a senior litigation partner, was leaving the firm. Several attorneys of the firm then met to divide up his cases, which included a fairly large docket of collection suits on behalf of banks and other financial institutions. This suit against William K. Wells was one of several cases that I undertook, along with associate Adrian Guerra-Paz.

Changing counsel was somewhat complicated by the fact that one of Mark's associates, who also worked on this Wells matter, left with Mark. (Still another attorney which has worked on this file has also departed from the firm.) Thus, Adrian and I came into several files fairly "cold" having done no prior work on this file, nor having worked with this particular client. That change occurred in approximately late October or early November of 2012.

Soon thereafter we found that the Defendant Wells had admitted the validity of the Plaintiff/Bank's claims via *admissions* in response to Requests for Admissions. The associate Adrian drafted a motion for summary judgment, which I approved, and it was filed on December 13, 2012. As that Motion explains, the Defendant has admitted the Plaintiff's collection suit: that he borrowed the money, signed the Note, and has defaulted in payment.

As of the filing of that Motion, I believed the Motion was timely. It was filed more than 90 days prior to trial, as required by your Honor's standing rules. I did not see any MSJ deadline in the Fourth Amended Scheduling Order, the controlling Order.

After filing the Motion, we awaited a response. None was filed. Unfortunately, I must admit that at that point, this case moved off of my mental list of "problem" cases in litigation, to the category of "good shape" cases. I assumed that Adrian Guerra-Paz would alert me to any problems, but that was unlikely: the Defendant had both admitted our case, and filed no response to our motion for final summary judgment to enforce a promissory note.

Unfortunately, I did not see this Court's e-filing notification of its Show Cause Order of January 17, 2013. I have no good excuse. The last two weeks have been hectic, involving my travel to Houston, Austin, Caldwell, Texas, as well as Oklahoma City. However, that is no good excuse for failing to see an e-filing notification that did come to my mailbox. I discovered it yesterday, January 31st, only after Adrian Guerra-Paz came to tell me that he had just learned of it.

I beg the Court's indulgence. I should have read the Show Cause Order, and responded

4

promptly. As it is, we are responding approximately 24 hours after first learning that it was issued. If sanctions or other appropriate punishment is to be ordered by the Court, it should be assessed against me, as the senior partner who did get the e-filing verification, and not Adrian, the associate who did not receive it, due to a technical error in the email address.

Because of the serious nature of my neglect, I have advised the Management Committee of my neglect, and provided them with a copy of this Declaration. To avoid this type of mistake from happening again, I am circulating a notice to my fellow attorneys and the staff, advising them to check both double check e-filing notifications from clerk, as well as an advice to verify that correct e-mail addresses are included in the Clerk's records.

Why should the Court consider our motion for summary judgment? First, we thought it was timely. Since the Third Amended Scheduling Order was "vacated," and the Fourth Amended Scheduling Order has no deadline for dispositive motions, we believe the controlling rule was this Court's standing Order that such motions be filed at least 90 days prior to trial. We did so. We request that the Court accept our motion for summary judgment, simply out of judicial economy. Our motion for summary judgment is not contested, and it is based on judicial admissions of the Defendant/Borrower. While we could prove the same facts via a trial, that would seem to be less judicially efficient than consideration of our motion.

Finally, I should advise the Court of two other conditions in this case. First, opposing counsel has been a gentleman in this case, and candidly advised us of our neglect without seeking to seize any litigation advantage. Throughout this case, we have had a good working relationship with him on all details. Second, the principals of the parties are continuing to talk settlement in the form of an agreed judgment for "collateral," a reduction in principal on the loan, an agreement not to execute on such judgment, all in accordance with an installment payout by Defendant/Wells to be scheduled over five years. While the parties seem to be largely in agreement as of today, the exact amount and details for such a settlement have not yet been resolved, and would require approval of certain persons who will only be considering these proposed terms during the next thirty days.

At this point, counsel for both sides are inclined to ask the Court for its further indulgence, to seek a continuance to allow for such proposed settlement to be fleshed out, approved, rejected or modified, and, if appropriate, submitted to the Court.

THIS DECLARATION IS SIGNED BY **DAVID M. PRUESSNER**, AS AN OFFICER OF THE COURT, WHO SWEARS AND AFFIRMS THAT IT IS TRUE AND CORRECT.

Signed this 1st day of
February, 2013

David M. Pruessner
Shareholder
Higier, Allen & Lautin, P.C.
State Bar No. 16364500
5057 Keller Springs Rd,
Addison, Texas 75001
(972) 716-1888

5