IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO., SUCCESSOR IN INTEREST TO COLONIAL BANK, BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, Plaintiff, | § § § § § § § § § § § | Civil Action No. 3:10-cv-2238-L |
| v. | | |
| WILLIAM K. WELLS, Defendant. | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNTIMELY RESPONSE TO THE COURT'S JANUARY 17, 2013 ORDER [ECF DOCUMENT NO. 33]**

COMES NOW, Plaintiff Branch Banking & Trust Co., successor in interest to Colonial Bank, by acquisition of assets from the FDIC as Receiver for Colonial Bank (hereafter "Plaintiff" or "the Bank"), and files this its Brief in Support of its Motion for Leave to File Untimely Response to the Court's January 17, 2013 Order [ECF Document No. 33], and respectfully shows as follows:

I.
RELIEF REQUESTED

Plaintiff filed its Motion for Final Summary Judgment (the "Motion") on December 3, 2012. [ECF Document No. 30]. In response, the Court issued its January 17, 2013 Order [ECF Document No. 33] in which it declared Plaintiff's Motion to be untimely and directed Plaintiff to explain in writing to the Court why the Motion was not timely filed and why good cause exists for the Court to grant leave to file a late summary judgment motion. [*See* ECF Document No. 33].

Unfortunately, ignorant of this Order, the undersigned failed to timely respond to the Court's January 17, 2013 Order. However, Plaintiff's failure to respond was not intentional or the result of conscious indifference, but was due to an accident or mistake.

The Declaration of David M. Pruessner, the senior litigation partner responsible for this case, is filed simultaneously herewith as Exhibit A to Plaintiff's Appendix in Support of Plaintiff's Motion for Leave to File Untimely Response to Court's January 17, 2013 Order [ECF Document No. 33], and is incorporated herein by reference.

The undersigned law firm of Higier Allen & Lautin, P.C. has represented Plaintiff BB&T since the inception of this matter, and continues to represent Plaintiff. Mark Cronenwett and Lindsay Stansberry of the undersigned firm were the original attorneys who represented Plaintiff in this matter through mid-October of 2012, upon their departure from the undersigned firm. Upon Mark Cronenwett and Lindsay Stansberry's departure from the undersigned firm, David Pruessner took over as the new attorney in charge in the representation of Plaintiff in this matter, with significant assistance and contribution from associate attorney Adrian Guerra-Paz, also of the undersigned firm. (*See* Appendix at 4-5).

Unfortunately, however, when Mr. Guerra-Paz's contact information was entered into the Court's Case Management/Electronic Case Files (ECF) system for this case, his email address was incorrectly inputted. Mr. Guerra-Paz's email was incorrectly entered as "aguerra-paz@higierallenc.om," but his actual email address is aguerra-paz@higierallen.com," thus resulting in an error due to the misplacing of a single period. (*See* Appendix at 4-5).

Although the undersigned firm did receive the Court's January 17, 2013 Order in other versions, the Court's January 17, 2013 Order was not received by Mr. Guerra-Paz, the main counsel doing the daily work on the file. In fact, Mr. Guerra-Paz did not learn of the Court's

January 17, 2013 Order until it was brought to his attention in discussions with opposing counsel on January 31, 2013. (*See* Appendix at 4-5).

Upon learning that he did not receive ECF notification of the Court's January 17, 2013 Order, the undersigned has attempted to rectify this error and has used its best efforts to resolve this issue and respond to the Court's January 17, 2013 Order immediately. (*See* Appendix at 4-5).Certainly, it is not common practice for the undersigned to ignore any order or directive of the Court. It is especially not the common practice of the undersigned to file lengthy summary judgment briefing only to ignore a subsequent court order directing Plaintiff to explain why its motion for summary judgment was not timely filed.

As explained in the Declaration of Mr. Pruessner, he believed Plaintiff's Motion for Final Summary Judgment was timely filed under the Court's 90-day pretrial rule for dispositive motions, since the Court's Fourth Amended Scheduling Order has no deadline for dispositive motions. (*See* Appendix at 4-5).

Accordingly, this Unopposed Motion for Leave to File Untimely Response to the Court's January 17, 2013 Order [ECF Document No. 33] is not intended for purposes of delay, but is intended to account for the error in the undersigned's email address on file with the Court and to allow Plaintiff to adequately respond to the Court's January 17, 2013 Order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Unopposed Motion for Leave to File Untimely Response to the Court's January 17, 2013 Order [ECF Document No. 33], and grant Plaintiff leave to file its Response to the Court's January 17, 2013 Order [ECF Document No. 33], which is being filed contemporaneously

herewith and is incorporated by reference, and grant such other and further relief, both in law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

By: /s/ David M. Pruessner
    DAVID M. PRUESSNER
    Texas Bar No. 16364500
    dpruessner@higierallen.com

    ADRIAN L. GUERRA-PAZ
    Texas Bar No. 24045992
    aguerra-paz@higierallen.com

HIGIER, ALLEN & LAUTIN, PC
5057 Keller Springs Road, Suite 600
Addison, Texas 75001
(972) 716-1888
(972) 716-1899 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of February, 2013, a true and correct copy of the foregoing document was delivered to the following counsel via ECF notification:

Bruce A. Alford
Alford & Muncey, PLLC
Campbell Center, Tower II
8150 N. Central Expressway, Suite 700
Dallas, Texas 75206

    /s/ David M. Pruessner
    DAVID M. PRUESSNER