IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO., SUCCESSOR IN INTEREST TO COLONIAL BANK, BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, Plaintiff, <br><br> v. <br><br> WILLIAM K. WELLS, Defendant. | § § § § § § § § § § § § | Civil Action No. 3:10-cv-2238-L |

**PLAINTIFF'S RESPONSE TO THE COURT'S
JANUARY 17, 2013 ORDER [ECF DOCUMENT NO. 33]**

COMES NOW, Plaintiff Branch Banking & Trust Co., successor in interest to Colonial Bank, by acquisition of assets from the FDIC as Receiver for Colonial Bank (hereafter "Plaintiff" or "the Bank"), and files this its Response to the Court's January 17, 2013 Order [ECF Document No. 33] (the "Response"), and respectfully shows as follows:

**I.
INTRODUCTION**

Plaintiff filed its Motion for Final Summary Judgment (the "Motion") on December 3, 2012. [ECF Document No. 30]. In response, the Court issued its January 17, 2013 Order [ECF Document No. 33] in which it declared Plaintiff's Motion to be untimely and directed Plaintiff to explain in writing to the Court why the Motion was not timely filed and why good cause exists for the Court to grant leave to file a late summary judgment motion. [*See id.*].

## II.
## RESPONSE

The Court's January 17, 2013 Order states that "the dispositive motion deadline was July 16, 2012; and the court, when it issued its Fourth Amended Scheduling Order did not extend the dispositive motion deadline...." (*Id.*).

As stated in Plaintiff's Unopposed Motion for Leave to File Untimely Response to the Court's January 17, 2013 Order [ECF Document No. 33], filed concurrently with this Response, the undersigned law firm of Higier Allen & Lautin, P.C. has represented Plaintiff BB&T since the inception of this matter, and continues to represent Plaintiff. Mark Cronenwett and Lindsay Stansberry of the undersigned firm were the original attorneys who represented Plaintiff in this matter through mid-October of 2012, upon their departure from the undersigned firm. Upon Mark Cronenwett and Lindsay Stansberry's departure from the undersigned firm, David Pruessner took over as the new attorney in charge in the representation of Plaintiff in this matter, with significant assistance and contribution from associate attorney Adrian Guerra-Paz, also of the undersigned firm.

Upon their succession as the new attorneys in charge of this matter, the undersigned reviewed the current and all previous scheduling orders entered in this matter in order to deduce the dispositive motion filing deadline in this matter. Upon their review of the Court's Fourth Amended Scheduling Order, the undersigned discovered that the order states:

> ... the court **vacates** its Third Amended Scheduling Order issued April 25, 2012, and **issues** this fourth amended scheduling order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure must be observed.

[ECF Document No. 29, at p.1] (emphasis in original).

Based on the above-referenced language in the Court's Fourth Amended Scheduling

Order, Plaintiff understood the July 16, 2012 dispositive motion deadline, as contained in the Court's Third Amended Scheduling Order, to be vacated and no longer applicable. Additionally, Plaintiff understood that any new restrictions governing the applicable dispositive motions deadline to be governed by the Federal Rules of Civil Procedure, as dictated by the Court's Fourth Amended Scheduling Order.

Accordingly, Plaintiff referred to the Federal Rules regarding the timeliness of filing a motion for summary judgment. Under the Rules, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). However, the Court's Fourth Amended Scheduling Order does not contain a deadline for the close of discovery, and vacated any deadlines contained in the Court's Third Amended Scheduling Order. [*See* ECF Document No. 29, at p.1].

Plaintiff next referred to the Local Rules of the United States District Court for the Northern District of Texas for guidance regarding the applicable dispositive deadline. Under the local rules, "[u]nless otherwise directed by the presiding judge, no motion for summary judgment may be filed within 90 days of the trial setting." Local Rule N.D. Tex. 56.2. Additionally, the Court's specific Requirements for District Judge Sam A. Lindsay, as contained on the Court's website, state that "Judge Lindsay follows the Local Rules and the Federal Rules of Civil Procedure regarding summary judgment motions. All motions for summary judgment shall be filed not later than 90 days prior to the scheduled trial date."

This action is currently set for trial on March 4, 2013. [ECF Document No. 29]. Plaintiff filed its Motion on December 3, 2012. [ECF Document No. 30]. Thus, Plaintiff filed its Motion ninety-one (91) days prior to the trial setting, and presumes that it was in compliance with both

the Federal Rules of Civil Procedure, and the Local Rules which proscribe that motions for summary judgment shall be filed not later than 90 days prior to the scheduled trial date. *See* Local Rule N.D. Tex. 56.2; FED. R. CIV. P. 56(b). Thus, for the reasons stated herein, the Court should consider Plaintiff's Motion to have been timely filed, or in the alternative, that good cause exists for the Court to grant Plaintiff leave to file its untimely Motion.

Further, good cause exists for the Court to grant Plaintiff leave to file its untimely Motion because Plaintiff's Motion is meritorious, and was not opposed by Defendant pursuant to a responsive motion. More importantly, this is a straightforward collection/suit-on-a-note lawsuit for which Defendant has no controverting evidence, and Defendant has admitted in responses to requests for admissions that he borrowed money from Colonial Bank and has defaulted in repayment to Plaintiff. Thus, good cause exists and the Court's consideration of Plaintiff's Motion would be in the interest of both justice and judicial economy.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant Plaintiff leave to file its Motion for Final Summary Judgment, and grant such other and further relief, both in law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

By: */s/ David M. Pruessner*
**DAVID M. PRUESSNER**
Texas Bar No. 16364500
dpruessner@higierallen.com

**ADRIAN L. GUERRA-PAZ**
Texas Bar No. 24045992
aguerra-paz@higierallen.com

**HIGIER, ALLEN & LAUTIN, PC**
5057 Keller Springs Road, Suite 600
Addison, Texas 75001
(972) 716-1888
(972) 716-1899 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 1st day of February, 2013, a true and correct copy of the foregoing document was delivered to the following counsel via ECF notification:

Bruce A. Alford
Alford & Muncey, PLLC
Campbell Center, Tower II
8150 N. Central Expressway, Suite 700
Dallas, Texas 75206

*/s/ David M. Pruessner*
**DAVID M. PRUESSNER**