IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANCH BANKING & TRUST CO., SUCCESSOR IN INTEREST TO COLONIAL BANK, BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, § § § § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:10-CV-2238-L** |
| WILLIAM K. WELLS, § § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Consider Motion for Final Summary Judgment Timely Filed or, in the alternative, Motion for Leave to File Untimely Motion for Final Summary Judgment, filed May 1, 2013.* The court **grants in part** and **denies in part** Plaintiff's Motion to Consider Motion for Final Summary Judgment Timely Filed or, in the alternative, Motion for Leave to File Untimely Motion for Final Summary Judgment. The court **denies** Plaintiff's Motion to Consider Motion for Final Summary Judgment Timely Filed. Because the court **determines** that good cause exists to amend the scheduling order with respect to the dispositive motion deadline, it **grants** Plaintiff's Motion for Leave to file Untimely Motion for Final Summary Judgment.

---

* On May 1, 2013, Plaintiff filed a document titled "Plaintiff's Response to the Court's January 17, 2013 Order [ECF Document No. 33]." In the document, Plaintiff moves the court to consider Plaintiff's Motion for Final Summary Judgment to have been timely filed or, in the alternative, to grant Plaintiff leave to file an untimely summary judgment motion. Plaintiff should have titled this document "Plaintiff's Response to the Court's January 17, 2013 Order and Motion to Consider Motion for Final Summary Judgment Timely Filed or, in the alternative, Motion for Leave to File Untimely Motion for Final Summary Judgment." Accordingly, the court has properly renamed Plaintiff's motion to avoid further confusion.

**Memorandum Opinion and Order - Page 1**

I.      **Background**

Plaintiff Branch Banking & Trust Co., successor in interest to Colonial Bank, by acquisition of assets from the FDIC as Receiver for Colonial Bank ("Plaintiff" or "BB&T") brought this action on November 4, 2010, alleging that Defendant William K. Wells ("Defendant" or "Wells") defaulted on two promissory notes it currently owns and holds. On April 20, 2012, Plaintiff requested a continuance of the trial date, discovery, and all pre-trial deadlines to a date on or after September 6, 2012. On April 25, 2012, the court issued a Third Amended Scheduling Order setting this case for trial on November 5, 2012, and requiring any dispositive motions to be filed by July 16, 2012. The order required the parties to notify the court of any potential conflicts in writing within ten days from the date of the order. On May 7, 2012, Plaintiff's counsel filed a notice of trial setting conflicts and requested the court to move the trial setting from November 5, 2012 to a date that would not conflict with the trial settings referenced in the notice. On September 28, 2012, the court vacated the Third Amended Scheduling Order and issued a Fourth Amended Scheduling Order in its place, setting the trial date for March 4, 2013.

Plaintiff untimely filed a motion for summary judgment on December 13, 2012. On January 17, 2013, the court issued an order directing Plaintiff to explain in writing why the motion for summary judgment was not timely filed and to show why good cause exists for the court to grant leave to file a late summary judgment motion. The order required Plaintiff to respond by January 24, 2013. Plaintiff failed to respond as instructed by the court. On February 1, 2013, Plaintiff filed a Motion for Leave to File Untimely Response to the Court's January 17, 2013 order, which was opposed. The court then vacated the trial setting and pretrial deadlines and directed Defendant to file his response to the motion no later than February 12, 2013. After Defendant failed to either

respond, move to strike the motion, or inform the court how he would be legally prejudiced if Plaintiff's motion were granted, the court granted Plaintiff's request for leave to file its untimely response to the court's January 17, 2013 order. On May 1, 2013, Plaintiff filed its response.

Plaintiff's counsel states the original attorneys in this case departed from the law firm in mid-October of 2012 and, that he, along with an associate attorney, took over as the new attorneys in this matter in late October or early November of 2012. According to Plaintiff's counsel, when they reviewed all the scheduling orders issued by the court in this case, they believed the Fourth Amended Scheduling Order vacated the July 16, 2012 dispositive motion deadline and that it was no longer applicable. Plaintiff's counsel further states that because the Fourth Amended Scheduling Order did not contain a deadline for the close of discovery, they believed that any new restrictions governing the applicable dispositive motions deadline would be governed by the Federal Rules of Civil Procedure. For further guidance as to the applicable dispositive motion deadline, Plaintiff's counsel states that they also referred to the Local Rules of the United States District Court for the Northern District of Texas and the court's specific requirements online that state that no motion for summary judgment shall be filed later than 90 days prior to the trial date. Plaintiff, believing it was in compliance with the local rules, then filed its Motion for Final Summary Judgment on December 3, 2012, ninety-one days prior to the trial setting.

BB&T therefore contends that the court should consider its summary judgment motion to have been timely filed. In the alternative, BB&T asserts that good cause exists for the court to grant it leave to file its untimely motion because: (1) the motion is meritorious; (2) it was not opposed by Defendant pursuant to a responsive motion; (3) this is a straightforward collection/suit-on-a-note lawsuit for which Defendant has no controverting evidence; and (4) Defendant has admitted in

**Memorandum Opinion and Order - Page 3**

responses to requests for admissions that he borrowed the money from Colonial Bank and has defaulted in repayment to Plaintiff.

II.    **Legal Standard for Modification of a Scheduling Order After the Expiration of a Deadline**

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an untimely amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id.* (citations and internal quotation marks omitted).

III.    **Analysis**

The first factor weighs against BB&T, as the court does not find its explanation for its failure to meet the dispositive motion deadline satisfactory. The court's Third Amended Scheduling Order provides that "All motions that would dispose of all or any part of this case, including motions for summary judgment shall be filed by July 16, 2012. Delay in deciding motions will not affect the trial date." The Third Amended Scheduling Order further provides that "A motion for an extension of any deadline set herein must be made prior to its expiration." Plaintiff's counsel is correct that the Fourth Amended Scheduling order, issued on September 28, 2012, did not include a dispositive

**Memorandum Opinion and Order - Page 4**

motion deadline. **This is because the Fourth Amended Scheduling Order was issued more than two months *after* the July 16, 2012 dispositive motion deadline had already expired**. While the Fourth Amended Scheduling order vacated the Third Amended Scheduling Order, it did not revive and extend the July 16, 2012 dispositive motion deadline, **as no such request was made to the court prior to its expiration**. Although Plaintiff's former counsel, in his Notice of Trial Setting Conflicts, requested the court to move the *trial setting*, he did not request an extension of the *dispositive motion* deadline. Therefore, without any motion or request from Plaintiff to extend the dispositive motion deadline before its expiration, Plaintiff's former and current counsel should have reasonably known that the Fourth Amended Scheduling Order, which did not include any deadlines regarding discovery or dispositive motions and only discussed the trial date and pretrial matters, did not revive and extend the previous July 16, 2012 dispositive motion deadline.

Moreover, the July 16, 2012 dispositive motion deadline had already expired by the time Plaintiff's current counsel took over the representation of BB&T in late October or early November of 2012. The court is aware of the difficulties that can arise with changing counsel at a late stage of the proceedings; however, the court believes that Plaintiff's counsel should have been on notice that the dispositive motion deadline had expired and would not be revived on its own. Plaintiff's current counsel states, "[u]pon their succession as the new attorneys in charge of this matter, the undersigned reviewed the current and all previous scheduling orders entered in this matter in order to deduce the dispositive motion filing deadline in this matter." Pl.'s Resp. to Court's January 17, 2013 Order 2. This court has issued *four* scheduling orders in this case, and noticeably absent from the Fourth Amended Scheduling Order are discovery and dispositive motion deadlines. This should have put Plaintiff on notice that the dispositive motion deadline that had expired two months prior to the

issuance of the Fourth Amended Scheduling Order had not been revived and that they would need to seek leave of court thereafter to file a dispositive motion. Therefore, the court declines to consider Plaintiff's summary judgment motion to have been timely filed.

Further, the court notes that it is not satisfied with BB&T's explanation for its failure to respond to this court's January 17, 2013 show cause order as instructed. Although the associate working on the case did not receive the e-filing notification due to a technical error in the e-mail address entered into the court's electronic case files system, senior counsel concedes that he did receive the e-filing notification of the court's order but has "no good excuse" for failing to see it until January 31, 2013.

The court determines, however, that the remaining three factors weigh in favor of granting Plaintiff's request for leave to file its summary judgment motion. As Plaintiff's Motion for Final Summary Judgment has the potential to dispose of the case without the time and expense of a trial, an amendment to the scheduling order with respect to the dispositive motion deadline is important. Moreover, any potential prejudice that may result to Defendant by the amendment can be easily remedied by allowing him the opportunity to file a response to Plaintiff's motion. Because it is more efficient for the court and the parties to see whether a motion for summary judgment will narrow the issues for trial or resolve this case, and an amendment to the scheduling order would not unduly prejudice Defendant, the court determines that good cause exists to amend the scheduling order. The court will therefore grant Plaintiff's request for leave to file its untimely summary judgment motion.

IV.   Conclusion

For the reasons herein stated, the court **determines** that Plaintiff's Motion for Final Summary Judgment was not timely filed but **finds** that good cause exists to amend the scheduling order with

respect to the dispositive motion deadline.  The court therefore **grants in part** and **denies in part** Plaintiff's Motion to Consider Motion for Final Summary Judgment Timely Filed or, in the alternative, Motion for Leave to File Untimely Motion for Final Summary Judgment.  Specifically, the court **denies** Plaintiff's Motion to Consider Motion for Final Summary Judgment Timely Filed and **grants** Plaintiff's Motion for Leave to file Untimely Motion for Final Summary Judgment.  As Plaintiff's Motion for Final Summary Judgment is already part of the record, it is **deemed** filed as of **July 5, 2013**.  The court **directs** the clerk of court to amend the docket sheet to reflect that Plaintiff's Motion for Final Summary Judgment is deemed filed as of July 5, 2013.  The court further **directs** Defendant to file its response to Plaintiff's summary judgment motion by **July 26, 2013**.  Plaintiff's reply brief shall be filed by **August 9, 2013.**

    **It is so ordered** this 5th day of July, 2013.

                                                                          _____
                                                                          Sam A. Lindsay
                                                                          United States District Judge