IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING & TRUST CO.**, successor in interest to Colonial Bank, by an acquisition of assets from the FDIC as receiver for Colonial Bank, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:10-CV-2238-L** |
| **WILLIAM K. WELLS**, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Branch Banking & Trust Co.'s ("BB&T" or "Plaintiff") Motion for Summary Judgment (Doc. 30), filed July 5, 2013. Defendant William K. Wells ("Wells" or "Defendant") did not file a response to Plaintiff's motion. After careful consideration of the motion, summary judgment evidence, and applicable law, the court, for the reasons stated herein, **grants** Plaintiff's Motion for Summary Judgment.

### I.   Background

On November 4, 2012, BB&T filed Plaintiff's Original Complaint against Defendant, alleging that Defendant defaulted on the loans he received from Colonial Bank[1] because he failed to make payments on them as they became due and payable. Plaintiff also contends that the court has jurisdiction over this action because there is complete diversity and the amount in controversy exceeds $75,000, excluding costs and interest. Pl.'s Original Compl. 1-2. On July 5, 2013, Plaintiff

---

[1] Plaintiff purchased all of the assets of Colonial Bank from the Federal Deposit Insurance Company ("FDIC"), as receiver of Colonial Bank.

Memorandum Opinion and Order - Page 1

filed its motion, contending that it is entitled to summary judgment because no genuine dispute of material fact exists as to Defendant's liability and damages. Plaintiff explained that Defendant admitted in responses to requests for admissions that he borrowed money from Colonial Bank and defaulted in repayment. Plaintiff seeks actual damages plus interest and attorney's fees. Defendant did not respond to the Motion.

**II.     Undisputed Facts**

On March 10, 2007, Defendant signed a promissory note in favor of Colonial Bank, its successors and assigns, in the original principal amount of $600,000. Pl.'s Ex. A-1. The maturity of this loan was originally March 10, 2008. Pl.'s App. 6. Defendant entered into a first renewal on March 10, 2008, which extended the maturity date to March 10, 2009. *Id*. Defendant then entered into a second renewal on March 10, 2009, which extended the maturity date to June 8, 2009. *Id*. This loan had a variable interest rate of 8.25% per annum during the initial term; 6.0% per annum during the first renewal period; and 4.5% per annum during the second renewal period. *Id*. at 6-7. This loan accrues post maturity interest at the rate of 18% per annum. *Id*. Plaintiff assessed an interest rate of 4.5% on this loan throughout its term and default. *Id*. When Defendant defaulted on this loan, Plaintiff sent a written "Notice of Default and Opportunity to Cure" on July 21, 2010, demanding payment by August 2, 2010. *Id*. at 7. When Plaintiff sent this notice, Defendant owed $559,147.11. *Id*. As of November 21, 2012, there was a principal balance of $537,900.05 due. *Id*. The total accrued interest as of November 21, 2012, was $77,928.27. *Id*. Additionally, the per diem interest accruing on the debt after November 21, 2012 is $67.24. *Id*. Therefore, the total amount due as of December 3, 2012, was $616,635.20, with interest continuing to accrue at the per diem interest rate of $67.24. *Id*.

On April 19, 2008, Defendant signed a second promissory note in favor of Colonial Bank, its successors and assigns, in the principal amount of $7,484.40. Pl.'s Ex. A-4. The maturity of this loan was April 19, 2009. Pl.'s App. 8. This loan had a variable interest rate of 6.0% per annum during the loan's term. *Id*. at 8. This loan accrues post maturity interest at the rate of 18% per annum. *Id*. Plaintiff assessed an interest rate of 4.5% on this loan throughout its term and default. *Id*. When Defendant defaulted on this loan, Plaintiff sent a written "Notice of Default and Opportunity to Cure" on July 21, 2010, demanding payment by August 2, 2010. *Id*. at 7. When Plaintiff sent this notice, Defendant owed $5,002.15. *Id*. at 8. As of November 21, 2012, there was a principal balance of $7,484 due. *Id*. The total accrued interest as of November 21, 2012, was $609.41. *Id*. Additionally, the per diem interest accruing on the debt after November 21, 2012, is $0.61. *Id*. Therefore, the total amount due for this loan as of December 3, 2012, was $5,526.87 with interest continuing to accrue at the per diem interest rate of $0.61. *Id*.

On August 15, 2009, Plaintiff purchased all of the assets of Colonial Bank from the Federal Deposit Insurance Company, as receiver of Colonial Bank. *Id*. at 6. Therefore, Plaintiff is the successor in interest to all of the assets of Colonial Bank, including the notes at issue.

In Defendant's Responses to Plaintiff's First Request for Admissions, Defendant admitted: (1) that Exhibit A contains true and correct copies of the Note, Business Loan Agreement, and Notice of Final Agreement for the $600,000 loan at issue in this case; (2) that he signed the $600,000 note in Exhibit A; (3) that he did not pay the Delinquent Amount as stated in the Notice of Default and Opportunity to Cure attached as Exhibit D before August 2, 2010; (4) that he signed the $7,484.40 note attached to Exhibit E; (5) that he defaulted on the $600,000 loan; and (6) that he defaulted on the $7,484.40 loan. *Id*. at 183-85.

**Memorandum Opinion and Order - Page 3**

### III. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are

insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Defendant filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case,

Defendant's pleadings are not verified and, therefore, he has presented no summary judgment evidence. Accordingly, the court accepts Plaintiff's facts and evidence as undisputed.

IV.   **Analysis**

    A.   **Suit on the Notes**

Plaintiff contends that it is entitled to summary judgment on its claim against Defendant for suit on the notes because of Defendant's failure to tender full and timely payments as required under the notes. To recover under the notes, Plaintiff "need not prove all essential elements of a breach of contract, but only must establish the note in question, that [Defendant] signed the note, that [Plaintiff] was the legal owner and holder thereof, and that a certain balance was due and owing on the note." *Clark v. Dedina*, 658 S.W.2d 2923, 295-96 (Tex. App. Houston [1st Dist.] 1983, writ dism'd) (citation omitted); *see also Hudspeth v. Investor Collection Serv. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App. San Antonio 1998, no pet.). Based on the undisputed facts and Defendant's admissions, the court determines that Plaintiff has established each of the elements necessary to recover on a suit on the notes. Accordingly, no genuine dispute of material fact exists, and Plaintiff is entitled to judgment as a matter of law.

    B.   **Attorney's Fees and Costs**

Plaintiff seeks attorney's fees and court costs pursuant to section 38.001 of the Texas Civil Practice and Remedies Code, which provides that a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract.[2] The issue of attorney's fees will be addressed postjudgment

---

[2] Although Plaintiff filed this action as one for "suit on the notes," rather than a breach of contract, the suit is in essence one for breach of contract, and the court treats it as such. Accordingly, Plaintiff is entitled to an award of attorney's fees pursuant to section 38.001.

pursuant to Federal Rule of Civil Procedure 54(d)(2). Plaintiff must file a motion for attorney's fees in accordance with this Rule with proper documentation and authority. Defendant may file a response in accordance with the Local Civil Rules of this district, and Plaintiff may reply in accordance with such local rules. With respect to documentation, Plaintiff must provide the court with sufficient documentation to determine the necessity of the services rendered and the reasonableness of the hourly rate for services performed. The court will decide the issue of attorney's fees upon the written submission of the parties, unless it determines that a hearing is necessary on the matter.

   C. **Principal and Prejudgment Interest**

If the court calculates the prejudgment interest for the first note at a 4.5% per annum rate, the total amount due on the first note is $649,085.63. If the court calculates the prejudgment interest for the first note at the per diem rate that Plaintiff suggests, the total amount due on the first note is $644,943.24. Since the Plaintiff provides the per diem rate and Plaintiff's facts are undisputed, the court accepts Plaintiff's calculation regarding prejudgment interest and determines that the total amount due on the first note is $644,943.24.

If the court calculates the prejudgment interest for the second note at a 4.5% per annum rate, the total amount due on the first note is $5,817.72. If the court calculates the prejudgment interest for the second note at the per diem rate that Plaintiff suggests, the total amount due on the second note is $5,783.68. Since Plaintiff provides the per diem rate and Plaintiff's facts are undisputed, the court accepts Plaintiff's calculation regarding prejudgment interest and determines that the total amount due on the second note is $5,783.68. **Based on the calculations accepted by the court, Defendant owes Plaintiff a total of $650,726.92.**

V. **Conclusion**

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to Plaintiff's suit on the notes, and it is entitled to judgment as a matter of law. Accordingly, the court **grants** Plaintiff's Motion for Summary Judgment. The court will enter a judgment in favor of Plaintiff by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 28th day of January, 2014.

Sam A. Lindsay
United States District Judge