IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING & TRUST CO., Successor in Interest to Colonial Bank, by Acquisition of Assets from the FDIC as Receiver for Colonial Bank,** | § | |
| Plaintiff, | § | |
| **v.** | § | **Civil Action No. 3:10-CV-2238-L** |
| **WILLIAM K. WELLS,** | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Truist Bank f/k/a Branch Banking & Trust Co.'s ("Plaintiff") Motion for Summary Judgment ("Motion") (Doc. 71) filed February 17, 2026. On March 10, 2026, Defendant William K. Wells, ("Defendant" or "Mr. Wells") responded to the Motion, and on March 18, 2026, Plaintiff replied. After careful consideration of the Motion, response, reply, appendix, record, and applicable law, the court **grants** Plaintiff's Motion for Summary Judgment on the issue of liability and **sets a hearing** for **September 29th, 2026, at 10:00 a.m.** for determination of the amount of damages remaining on the Judgment.

## I. Procedural and Factual Background

On January 28, 2014, the court entered its judgment ("Judgment") (Doc. 50) against Mr. Wells in favor of Plaintiff, for the total amount of $650,726.92, with interest at the applicable federal rate of .13% from the date of entry of the judgment until it was paid in full, plus all allowable and reasonable costs of court. The judgment became dormant on January 28, 2024, so on December 1, 2025, Plaintiff moved to revive it pursuant to state law. On December 15, 2025, the court issued an Order staying its decision on Plaintiff's Application and directing it to serve

the Application upon Defendant. Doc. 64. On January 6, 2026, summons was returned executed on Defendant, and on January 26, 2026, Defendant answered. Doc. 68. On February 17, 2026, Plaintiff filed a combined reply to Defendant's Answer and the Motion for Summary Judgment requesting that the court grant the relief requested in the Application. Doc. 71.

## II. Legal Standards

### A. Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is

asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.' " *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

**B. Writ of Scire Facias**

Under Rule 81(b), "writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules." Fed.

R. Civ. P. 81(b). Rule 69(a)(1) provides "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); *see also F.D.I.C. v. Shaid*, 142 F.3d 260, 261-62 (5th Cir. 1998) (applying state law in the court's analysis of an action to revive a judgment). Under Texas state law, "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem. Code Ann. § 34.001. "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *Id.* § 31.006. "The scire facias and returns thereon, provided for in this section, shall conform to the requisites of citations and the returns thereon, under the provisions of these rules." Tex. R. Civ. P. 154.

**III. Discussion**

On January 28, 2014, the court entered its Judgment, and Plaintiff now moves for summary judgment requesting that the court revive the Judgment. The Judgment became dormant on January 28, 2024. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001. Plaintiff may seek to revive the Judgment up to January 28, 2026. *See id.* § 31.006. Plaintiff's Application is timely, as it seeks to revive the Judgment after the date it became dormant and no later than the second anniversary of that date. Defendant does not dispute any of the dates provided by Plaintiff in its Application and admits that Plaintiff has met the deadlines for revival of the Judgment. Doc. 76 at 2. Defendant admits that he owed $396,489.39 on August 9, 2019. Doc. 76 at 3. Since there is no genuine dispute of material fact that Defendant owes an amount on the Judgment, Plaintiff's Motion is **granted** as to liability.

There is, however, a genuine dispute of material fact as to the amount that Plaintiff contends is currently owed under the Judgment. Plaintiff refers to the February 9, 2026, affidavit of Bertha Smith for the proposition that on August 1, 2019, Defendant executed an agreement in favor of Plaintiff and the amount due and owing on the Judgment was $396,489.39 with an ongoing accrual of a per diem of $0.13 plus additional reasonable fees and expenses. Doc 73, ex. J ¶¶ 5-6. The affidavit then explains that Plaintiff recovered $30,000 on the Judgment after the agreement was executed, but it has otherwise not been paid. *Id.* ¶¶ 7-9. The affidavit finally notes that as of October 30, 2025, the balance on the Judgment is the sum of $399,786.38 with an ongoing postjudgment interest rate of .13%. *Id.* ¶ 11. Plaintiff's Motion and Memorandum in Support to Revive Dormant Judgment and Motion for Summary Judgment; however, explain that as of October 30, 2025, the amount due and owing on the Judgment is 366,786.38, which would seem to be taking the $30,000 collected into account. Docs. 71 at 2 & 72 at 3. Since Plaintiff has provided conflicting assertions as to the amount due and owing on the Judgment, a hearing is necessary. The issue to be taken up is not whether an amount is owed, but what is owed by Defendant and how that amount was calculated. The parties are to have all persons who will testify present in the courtroom, and they must label any exhibit sought to be admitted.

## IV. Conclusion

For the reasons previously stated, the court **grants** Plaintiff's Motion for Summary Judgment (Doc. 71) on the issue of liability but will conduct a **hearing** on **September 29, 2026, at 10:00 a.m**. on the remaining amount due and owing on the Judgment.

**It is so ordered** this 22nd day of September, 2026.

Sam A. Lindsay
United States District Judge